UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWAYNE FALBRU,

                        Plaintiff,

      -vs-                         **No. 6:17-CV-06314 (MAT)**
                                         **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Dwayne Falbru ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI in March 2013, alleging disability as of February 12, 2013 due to degenerative disc disease and lower back problems. Administrative Transcript ("T.") 67, 164-70. Plaintiff's application was initially denied. T. 95-110. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Brian Kane on February 26, 2015. T. 40-66. On April 6, 2015, the ALJ issued an unfavorable decision. T. 19-35. On March 21, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-6. This action followed.

## III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2014. T. 24. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease and resultant low back pain. *Id*. The ALJ further found that Plaintiff suffered from the non-severe impairments of migraines, gastroesophageal reflux disease, sleep problems, and depression. T. 24-25.

2

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 26. The ALJ particularly considered Listing 1.04 (disorders of the spine) in reaching this determination. *Id*.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). T. 27.

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a fast food worker. T. 29. In the alternative, at step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. T. 29-30. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 30.

**IV. Discussion**

    **A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff contends that the ALJ's RFC finding was not supported by substantial evidence. In particular, Plaintiff argues that the ALJ improperly relied on his own lay opinion in determining that Plaintiff was capable of performing light work, rather than relying on competent medical opinion. Plaintiff further argues that the ALJ erred at step two when he found that Plaintiff's migraines and depression were not severe impairments. For the reasons discussed below, the Court finds that remand of this matter for further administrative proceedings is appropriate.

**B.  Assessment of Plaintiff's Physical Limitations**

Plaintiff's first argument is that the ALJ erred in finding that he was capable of the full range of light work without any additional limitations. Plaintiff points out that the sole medical

source statement in the record that assessed Plaintiff's capabilities on a function-by-function basis was the opinion of consultative examiner Dr. Harbinder Toor. Dr. Toor examined Plaintiff on May 23, 2013, and found on physical examination that his lumbar spine had forward flexion of 20 degrees, extension of zero degrees, lateral flexion of 30 degrees bilaterally, and rotation of 30 degrees bilaterally. T. 327-28. Straight leg raising tests were positive bilaterally at 20 degrees in both a sitting and supine position. T. 328. Dr. Toor opined that Plaintiff had moderate to severe limitations in standing, walking, bending, and lifting. *Id.* He further opined that Plaintiff had a moderate limitation in "sitting for a long time." *Id.*

In his decision, the ALJ stated that he had not afforded Dr. Toor's opinion "any great weight" because he found it "inconsistent with the claimant's stated activities of daily living as well as his current work activity." T. 29. Plaintiff argues, and the Court agrees, that this cursory statement by the ALJ is an insufficient explanation of his decision to reject the sole functional analysis of record.

Under the Commissioner's regulations, an ALJ is required to "evaluate every medical opinion [he] receives." 20 C.F.R. § 416.927(c). Unless the ALJ affords controlling weight to the opinion of a claimant's treating physician, he must consider the factors set forth in the regulations and "explain in the decision the weight given to the opinions." *Duell v. Astrue*,

5

No. 8:08-CV-969, 2010 WL 87298, at *5 (N.D.N.Y. Jan. 5, 2010) (internal quotation omitted); *see also Hatcher v. Astrue*, 802 F. Supp. 2d 472, 476 (W.D.N.Y. 2011) ("The ALJ must . . . articulate his reasons for assigning the weight that he does to both treating and nontreating physicians' opinions."). "[W]hen assessing a medical opinion from . . . a consultative examiner, the ALJ should consider the following factors to determine the proper weight to afford the opinion: (1) the source's examination relationship and treatment relationship with the plaintiff, including the length, nature, and extent of the treatment relationship, if applicable, (2) the opinion's supportability, (3) the opinion's consistency with the record as a whole, (4) the source's specialization, if any, and (5) other factors, such as the source's knowledge of disability programs and familiarity with the case record." *Bump v. Comm'r of Soc. Sec.*, No. 5:15-CV-1077 (GTS), 2016 WL 6311872, at *3 (N.D.N.Y. Oct. 28, 2016). Remand is appropriate where an ALJ fails to consider these factors and to adequately explain the weight given to the consultative examiner's opinion.

In this case, the ALJ provided only a one sentence explanation for his rejection of Dr. Toor's opinion, in which he stated without further elaboration that it was inconsistent with Plaintiff's reported activities of daily living and his work activity. The Court finds this explanation inadequate. There is no indication that the ALJ considered the regulatory mandated factors in reaching

his conclusion. Moreover, the ALJ's claim that Dr. Toor's opinion was inconsistent with Plaintiff's reported activities of daily living lacks support in the record. While Plaintiff did report engaging in some activities of daily living, such as preparing meals, he also reported that he had difficulty dressing himself and that he was able to shop only once a month for 15 minutes. T. 224-26. Moreover, it is well-established that the performance of some activities of daily living is not enough by itself to contradict allegations of disability, "as people should not be penalized for enduring the pain of their disability in order to care for themselves." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 69 (N.D.N.Y. 2012).

Plaintiff's ability to perform work on a part time basis also is not, on its face, inconsistent with Dr. Toor's opinion. Plaintiff expressly testified that he had worked only 20 hours per week with restrictions from his physician, that he did not do any heavy lifting, and that he was no longer engaged in this work. T. 42-44. The ALJ proffered no explanation for how Plaintiff's ability to temporarily work with restrictions on a part-time basis was inconsistent with Dr. Toor's opinion, and so the Court is unable to meaningfully review his conclusions.

Moreover, having rejected Dr. Toor's opinion, it was error for the ALJ to rely on this own lay opinion in determining that Plaintiff was capable of performing light work. "Neither a reviewing judge nor the Commissioner is permitted to substitute his own expertise or view of the medical proof for . . . competent

7

medical opinion." *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008) (internal citation and quotation omitted); *see also Walker v. Astrue*, No. 08-CV-0828(A)(M), 2010 WL 2629832, at *6 (W.D.N.Y. 2010) (holding an ALJ is not qualified to assess a claimant's RFC "on the basis of bare medical findings," and also holding that where the medical findings in the record merely "diagnose" a claimant's impairments and do not relate those diagnoses to a specific RFC, an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence). Moreover, "this is not a case where the medical evidence shows 'relatively little physical impairment' such that the ALJ 'can render a common sense judgment about functional capacity.'" *Palascak v. Colvin*, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) (quoting *Manso-Pizarro v. Secretary of Health & Human Servs*., 76 F.3d 15, 17 (1st Cir. 1996)). To the contrary, MRIs of Plaintiff's of lumbar spine showed spondylosis, bilateral neural foraminal narrowing at L4-L5, and disc bulges at L3-4 and L4-5. T. 294, 337-38, 517. As discussed above, Dr. Toor, the only physician to perform a functional analysis of Plaintiff's limitations, opined that he had moderate to severe limitations in standing, walking, bending, and lifting. Under these circumstances, it was not permissible for the ALJ to rely on his own common sense, lay judgment to determine that Plaintiff was capable of light work without any further limitations.

The Commissioner argues in her brief that treating physician Dr. M. Gordon Whitbeck opined that Plaintiff was "capable of

8

performing light work." Docket No. 12-1 at 13-14. This is a misstatement of Dr. Whitbeck's treatment records. Dr. Whitbeck did not provide a functional analysis of Plaintiff, nor did he ever state that Plaintiff was capable of performing light work. Instead, Dr. Whitbeck indicated that "purely from a spine perspective," Plaintiff had "a marked temporary disability" and was capable of "light *duty* work." T. 411 (emphasis added). Dr. Whitbeck offered no further elaboration as to what he meant by "light duty work" and there is no basis for this Court to conclude that "light duty work" is the equivalent of "light work" as defined in the applicable regulations. Moreover, the ALJ did not treat Dr. Whitbeck's statement as a medical source statement and did not assign any weight to it. T. 28. This Court cannot uphold the ALJ's decision based on *post hoc* rationalizations by counsel. *See Warchlok v. Colvin*, No. 1:16-CV-00129(MAT), 2017 WL 585041, at *3 (W.D.N.Y. Feb. 14, 2017).

In sum, and for the reasons set forth above, the Court concludes that the ALJ failed to appropriately consider and explain the weight given to Dr. Toor's opinion and that the ALJ impermissibly relied on his own lay opinion to determine that Plaintiff was capable of light work without any additional restrictions. Accordingly, remand of this matter for further proceedings is required.

C. **Plaintiff's Other Argument**

Plaintiff has also argued that the ALJ erred at step two of the analysis in finding that Plaintiff's migraines and depression

9

were not severe impairments. Having already determined that remand of this matter is required, the Court need not and does not resolve this issue. On remand, the ALJ is reminded that an RFC assessment must account for all of a claimant's limitations, including those associated with non-severe impairments.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. In light of the fact that Plaintiff's applications were initially filed in March 2013 (over five years ago), on remand, the administrative proceedings shall be conducted on an expedited basis, to be completed no later than December 31, 2018. The Commissioner's motion for judgment on the pleadings (Docket No. 12) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: March 30, 2018
Rochester, New York.